## HELEN CARO
### vs.
## FRANK CARO

Superior Court    New Haven County .    File #46830

Present: Hon. JOHN A. CORNELL, Judge.

James L. DeLucia,            Attorney for the Plaintiff.

**MEMORANDUM FILED SEPTEMBER 16, 1935.**

CORNELL, J. This action was commenced by writ dated the 18th day of February, 1935, returnable on the first Tuesday of March, 1935, which, according to the officer's return was, with summons and complaint served upon the defendant, personally, on February 19th, 1935.

The complaint as it appeared in the process thus served upon defendant, asked for a divorce and other incident relief on two grounds, viz., habitual intemperance and intolerable cruelty.

Defendant made no appearance.

On June 21, 1935, the court granted plaintiff permission to amend her complaint by adding a paragraph in which defendant was charged with desertion "provided service is made on defendant."

On July 17, 1935, plaintiff, by her attorney, filed in the office of the clerk of this court, a paper bearing the caption of the case, entitled "Amendment to Complaint", the context of which was a numbered paragraph alleging desertion by defendant, on the back of which was a return signed by a constable, dated July 15, 1935, reading:

"State of Connecticut ) ss. New Haven, Conn.,
New Haven County ) July 15th, 1935

Then and there by virtue of the within Amendment to Complaint in re Caro vs. Caro to me directed and delivered and by special direction of the plaintiff's attorney I left with the within named defendant Frank Caro a true and attested copy of this original amendment to complaint with my doings thereon endorsed.

The within and foregoing is the original amendment to complaint with my doings thereon endorsed.

| | |
|---|---|
| Travel | $3.10 |
| Service | .12 |
| Copy | .50 |
| Endorsement | .50 |

$4.22

Attest: James A. Bruno, Constable."

The filing of the amendment and the notice given defendant as a result of the acts of the constables as described in his return, elicited no appearance from the defendant.

The addition of the paragraph charging desertion resulted,

of course, in the allegation of a new and distinct cause of action. A defendant in such an action, very conceivably, might not wish to contest an action alleged on other grounds.

In any event, he is entitled to be properly served with process in the manner prescribed by law and to be afforded opportunity to appear and defend, if he so desires.

As to whether this court may grant a divorce on a cause therefor not complete at the time the action is commenced but which becomes complete during the pendency of the action and the complaint is then amended to allege it, where the defendant defaults in appearance, no opinion is expressed here.

Neither is anything attempted to be said as to whether if such a procedure be permissible, the case must be continued on the docket for ninety days from the date of the return of service of process on the defendant giving him notice of the alleged new or additional cause of action, in analogy to the provisions of **General Statutes, Rev. 1930, #5180.**

The very least that should be required upon the granting of permission to file the amendment to the complaint in the present instance would be an order of court specifying when and how service of notice of the filing of such amendment should be made and when return should be made to this court.

Palpably, service made by an officer "by virtue of the within amendment to complaint" directed to such officer "by the plaintiff's attorney" was a mere nullity and amounts to no service, whatever.

Under such circumstances the court is without jurisdiction to grant a divorce on the ground of desertion at this time and as to the evidence heard, a mistrial is declared.